*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0789
A16-0287**

State of Minnesota,
Respondent,

vs.

Ryan Emmett Moore,
Appellant,

and

Ryan Emmett Moore, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed January 17, 2017
Reversed and remanded
Klaphake, Judge***

Pope County District Court
File No. 61-CR-11-527

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Neil T. Nelson, Pope County Attorney, Obenland Roth & Nelson, Glenwood, Minnesota (for respondent)

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

Cathryn Middlebrook, Chief Appellate Public Defender, Sean M. McGuire, Assistant State Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Larkin, Presiding Judge; Hooten, Judge; and Klaphake, Judge.

## UNPUBLISHED OPINION

**KLAPHAKE**, Judge

Appellant Ryan Emmett Moore challenges the order denying his petition for postconviction relief, arguing that the district court erred in refusing to allow him to withdraw his *Alford* plea. Because the plea colloquy was insufficient on the strength of the state's case, we reverse and remand.

## DECISION

After sentencing, "the court must allow a defendant to withdraw a guilty plea upon a timely motion and proof to the satisfaction of the court that withdrawal is necessary to correct a manifest injustice." Minn. R. Crim. P. 15.05, subd. 1. "A manifest injustice exists if a guilty plea is not valid." *State v. Raleigh*, 778 N.W.2d 90, 94 (Minn. 2010). "To be constitutionally valid, a guilty plea must be accurate, voluntary, and intelligent." *Id.* Whether a plea is valid is a question of law subject to de novo review. *Id.*

Moore argues that the factual basis for his plea was insufficient. "A proper factual basis must be established for a guilty plea to be accurate." *State v. Ecker,* 524 N.W.2d at 712, 716 (Minn. 1994). "The main purpose of the accuracy requirement is to protect a defendant from pleading guilty to a more serious offense than he could be convicted of were he to insist on his right to trial." *State v. Trott*, 338 N.W.2d 248, 251 (Minn. 1983).

A defendant "may plead guilty to an offense, even though the defendant maintains his or her innocence, if the defendant reasonably believes, and the record establishes, the state has sufficient evidence to obtain a conviction." *Ecker,* 524 N.W.2d at 716 (citing *North Carolina v. Alford,* 400 U.S. 25, 37, 91 S. Ct. 160, 167 (1970)). "[C]areful scrutiny of the factual basis for the plea is necessary within the context of an *Alford* plea because of the inherent conflict in pleading guilty while maintaining innocence." *State v. Theis*, 742 N.W.2d 643, 648-49 (Minn. 2007). An *Alford* plea is constitutionally acceptable when "the State demonstrate[s] a strong factual basis for the plea and the defendant clearly expresse[s] his desire to enter the plea based on his belief that the State's evidence would be sufficient to convict him." *Id.* at 647 (quotation omitted).

The *Theis* court explained:

> Within the context of an *Alford* plea, where the defendant is maintaining his innocence, the defendant's acknowledgement that the State's evidence is sufficient to convict is critical to the court's ability to serve the protective purpose of the accuracy requirement. The best practice for ensuring this protection is to have the defendant specifically acknowledge on the record at the plea hearing that the evidence the State would likely offer against him is sufficient for a jury, applying a reasonable doubt standard, to find the defendant guilty of the offense to which he is pleading guilty . . . .
>
> The strong factual basis and the defendant's agreement that the evidence is sufficient to support his conviction provide the court with a basis to independently conclude that there is a *strong* probability that the defendant would be found guilty of the offense to which he is pleading guilty.

*Id.* (quotation and citation omitted).

Moore entered an *Alford* plea to first-degree criminal sexual conduct. Moore and the complainant had known each other for over 20 years, and she had acknowledged to the police that they had had a consensual sexual relationship before the alleged sexual assault occurred. For the factual basis, Moore acknowledged that the complainant had said that, after smoking methamphetamine, Moore forcibly penetrated her orally and anally with his penis and that she consented because she did not feel safe in resisting. The district court then asked:

> Q. . . . [I]f there were a trial sounds like the prosecution would bring in [the victim] who would say stuff like that. And there would probably be . . . some police officers who said that she acted upset and stated she was in pain. And then you would presumably put on your own witnesses, and you could testify and say it didn't happen like that. And I didn't commit a crime against her. But if the jury chose to believe her and didn't find you believable, do you believe that if they just believed what she said they would find you guilty?
> A. Yeah, yes.
> Q. . . . And you are pleading guilty under these circumstances in order to take advantage of this plea agreement?
> A. Yes.

Neither the parties nor the district court addressed the requirement of proof beyond a reasonable doubt at Moore's plea hearing, and the parties and the court acknowledged weaknesses in the state's case. At a hearing on a discovery motion, defense counsel raised the possibility that the complainant fabricated the sexual assault in an effort to obtain pain medication. Defense counsel asserted that the victim went to the hospital eight hours after the alleged sexual assault, claiming to be in extreme pain, but that the attending physician found no signs of injury or trauma and refused to prescribe pain medication because the Minnesota Board of Pharmacy's prescription monitoring program showed that the

complainant received "fairly large amounts of narcotics on a regular basis." The district court ruled that, at trial, Moore could call the attending physician to testify and produce the medical records of the complainant's treatment.

At a hearing addressing the possibility of resolving the case with a stay of adjudication, the district court noted that the state had been unable to get in touch with the victim, which could impede the state's ability to try the case. The prosecutor agreed with the concern expressed by the district court. The state's case depended on the credibility of the complainant's allegations against Moore.

At the sentencing hearing, defense counsel stated that the plea agreement "was really an evidentiary matter and the evidence was very questionable about whether or not this offense could be proven." The district court told Moore that the first-degree criminal sexual conduct charge was a "very serious charge" given his history of criminal-sexual-conduct offenses, and stated that he had gotten a very favorable deal "[j]ust leaving aside the factual difficulties of the case."

At a probation violation hearing, the district court again noted that the plea agreement was reached because of "possible problems of proof."

The record shows that the plea agreement was entered into by the parties and accepted by the district court based on a balancing of the evidence that could cast doubt on the victim's credibility against the long sentence that Moore would serve if convicted. This is not a sufficient factual basis for an *Alford* plea. Because the plea colloquy did not address the requirement of proof beyond a reasonable doubt and there was not a strong factual basis for the plea, the plea did not satisfy the protective purpose of the accuracy requirement in

5

the context of an *Alford* plea.  We therefore reverse and remand to permit Moore to withdraw his plea.  *See Theis*, 742 N.W.2d at 649-50 (discussing strength of evidence in other cases involving *Alford* pleas and reversing *Alford* plea that did not meet accuracy requirement).

Because we are reversing Moore's plea, the appeal challenging the probation revocation order is moot.

**Reversed and remanded.**